UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WESLEY D. SANDERS,

        Petitioner,        Case No. 1:07-cv-924

v.        Honorable Robert J. Jonker

THOMAS BELL,

        Respondent.

_____/

### REPORT AND RECOMMENDATION

This is a habeas corpus action brought by a state prisoner pursuant to 28 U.S.C. § 2254. Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, RULES GOVERNING § 2254 CASES; *see* 28 U.S.C. § 2243. If so, the petition must be summarily dismissed. Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999). The Court may *sua sponte* dismiss a habeas action as time-barred under 28 U.S.C. § 2244(d). *Day v. McDonough*, 547 U.S. 198, 209 (2006). After undertaking the review required by Rule 4, I conclude that the petition is barred by the one-year statute of limitations.

**Discussion**

I.  Factual Allegations

Petitioner is incarcerated at Carson City Correctional Facility. Petitioner was charged with nine counts of assault with intent to commit murder, one count of arson, one count of aggravated stalking and one count of placing explosives with the intent to injure or cause property damage. Following a jury trial in Wayne County Circuit Court, Petitioner was acquitted of all nine counts of assault with intent to commit murder but was convicted of arson, MICH. COMP. LAWS § 750.73, aggravated stalking, MICH. COMP. LAWS § 750.411i, and placing explosives with the intent to injure or cause property damage, MICH. COMP. LAWS § 750.209. Petitioner was sentenced to a term of incarceration of twenty to fifty years on September 28, 1999.

Petitioner filed an appeal of right and his conviction was affirmed by the Michigan Court of Appeals on January 25, 2002. Petitioner then sought leave to appeal to the Michigan Supreme Court, which was denied on August 30, 2002. Petitioner did not seek certiorari from the United States Supreme Court. On August 7, 2003, Petitioner filed a petition for writ of habeas corpus with the Eastern District of Michigan raising the same claims he presented on direct review in state court. The Eastern District of Michigan denied Petitioner's application holding that the errors alleged were insufficient to implicate his right to a fair trial and that the state courts' determinations were not contrary to or an unreasonable application of Supreme Court precedent. Petitioner sought leave to appeal from the Sixth Circuit, which was denied on April 26, 2005.

Four months later on August 26, 2005, Petitioner filed a MICH. CT. R. 6.500 motion in the Wayne County Circuit Court raising eight new grounds. Petitioner sought leave to file a delayed application for appeal, which was denied by the Michigan Court of Appeals on December 27, 2006. Petitioner then sought leave to appeal to the Michigan Supreme Court, which

was denied on July 18, 2007. Almost two months later, Petitioner filed his current application for habeas relief with this court claiming four of the grounds raised in his Rule 6.500 motion and appeals: (1) his rights under the Fifth and Fourteenth Amendments were violated because the trial court lacked jurisdiction over the charges of arson and placing explosives with the intent to injure or cause property damage; (2) his rights under the Fifth, Sixth and Fourteenth Amendments were violated because the information did not include the charges of arson and placing explosives with the intent to injure or cause property damage, and Petitioner was never given notice of those charges before being tried and convicted; (3) his rights under the Sixth and Fourteenth Amendments were violated because he received ineffective assistance of counsel at sentencing; and (4) his rights under the Fourteenth Amendment were violated because he received ineffective assistance of appellate counsel on his direct appeal.[1]

    II.    Statute of Limitations

Petitioner's application is barred by the one-year statute of limitations provided in 28 U.S.C. § 2244(d)(1), which became effective on April 24, 1996, as part of the Antiterrorism and Effective Death Penalty Act, PUB. L. NO. 104-132, 110 STAT. 1214 (AEDPA). Prior to enactment

---

[1] Petitioner has also filed a Motion for leave to file a "Numerically Second Habeas Corpus Petition Directly in District Court Pursuant to *In re: Bowen*, 436 F.3d 669 (6th Cir. 2006)." (Dkt. 2.) For the purposes of this report and recommendation, the Court will assume that Petitioner's application is not a second or successive petition under the reasoning set forth in *Bowen*. Petitioner's application presents federal claims which were not ripe at the time of his first habeas petition, which was filed between *Austin v. Mitchell*, 200 F.3d 391 (6th Cir. 2000) and *Cowherd v. Million,* 380 F.3d 909 (6th Cir. 2004). *See Bowen*, 436 F.3d at 701- 06 (holding that a numerically second petition is not "second or successive" within the meaning of 28 U.S.C. § 2244(b) if it raises grounds that were not exhausted at the time of the filing the first petition, the first petition was filed between *Austin* and *Cowherd*, and the numerically second petition does not present a claim that was deliberately abandoned in an attempt to return to be able federal court a second time.)

of the AEDPA, there was no defined period of limitation for habeas actions.[2]  Section 2244(d)(1) provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).  The running of the statute of limitations is tolled when "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending."  28 U.S.C. § 2244(d)(2); *see also Duncan v. Walker*, 533 U.S. 167, 181-82 (2001) (limiting the tolling provision to only State, and not Federal, processes); *Artuz v. Bennett*, 531 U.S. 4, 8 (2000) (defining "properly filed").

In most cases, § 2244(d)(1)(A) provides the operative date from which the one-year limitations period is measured.  *See Dodd v. United States*, 545 U.S. 353, 357 (2005).  Under that provision, the one-year limitations period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review."  28 U.S.C.

---

[2]Previously, the only time limit was provided in Rule 9 of the Rules Governing § 2254 Cases, which allows dismissal of a petition only under circumstances where the state has been prejudiced by the delay in filing.

§ 2244(d)(1)(A). According to paragraph nine of Petitioner's application, Petitioner appealed his conviction to the Michigan Court of Appeals and the Michigan Supreme Court. The Michigan Supreme Court denied his application on August 30, 2002. Petitioner did not petition for certiorari to the United States Supreme Court. The one-year limitations period, however, did not begin to run until the ninety-day period in which Petitioner could have sought review in the United States Supreme Court had expired. *See Lawrence v. Florida*, 127 S. Ct. 1079, 1083-084 (2007); *Bronaugh v. Ohio*, 235 F.3d 280, 283 (6th Cir. 2000). The ninety-day period expired on November 29, 2002. *See Bronaugh*, 2000 WL 1847861, at *3 (under FED. R. CIV. P. 6(a), the first day for counting purposes does not include the day of the act, event or default from which the designated period of time begins to run).

Petitioner had one year from November 29, 2002, to file his habeas application, or until November 29, 2003. Petitioner filed this application on September 17, 2007. Obviously, he filed more than one year after the time for direct review expired. Thus, his application is time-barred.

However, a properly filed application for state post-conviction review or other state collateral review tolls the statute of limitations during the period the application is pending. *See* 28 U.S.C. § 2244(d)(2). While 28 U.S.C. § 2244(d)(2) provides that the one-year statute of limitations is tolled while a duly filed petition for state collateral review is pending, the tolling provision does not "revive" the limitations period (i.e., restart the clock); it can only serve to pause a clock that has not yet fully run. Once the limitations period is expired, collateral petitions can no longer serve to avoid a statute of limitations. Petitioner's one-year period expired on November 29, 2003, and Petitioner did not file his Rule 6.500 motion until August 26, 2005, well after the period of

limitations expired. His motion for relief from judgment therefore does not serve to revive the limitations period. *See Vroman v. Brigano*, 346 F.3d 598, 602 (6th Cir. 2003); *Thomas v. Johnson*, No. 99-3628, 2000 WL 553948, at *2 (6th Cir. Apr. 28, 2000); *Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir. 2000); *see also Rashid v. Khulmann*, 991 F. Supp 254, 259 (S.D. N.Y. 1998); *Whitehead v. Ramirez-Palmer*, No. C 98-3433 VRW PR, 1999 WL 51793, at *1 (N.D. Cal. Feb. 2, 1999).

The one-year limitations period applicable to § 2254 is a statute of limitations subject to equitable tolling. *Dunlap v. United States*, 250 F.3d 1001, 1007 (6th Cir. 2001). A petitioner bears the burden of showing that he is entitled to equitable tolling. *See Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004); *Jurado v. Burt,* 337 F.3d 638, 642 (6th Cir. 2003); *Griffin v. Rogers*, 308 F.3d 647, 653 (6th Cir. 2002). The Sixth Circuit has repeatedly cautioned that equitable tolling should be applied "sparingly" by this Court. *See Solomon v. United States,* 467 F.3d 928, 933 (6th Cir. 2006); *Jurado*, 337 F.3d at 642; *Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir. 2002); *Dunlap*, 250 F.3d at 1008-009. A petitioner seeking equitable tolling of the habeas statute of limitations has the burden of establishing two elements: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Lawrence*, 127 S. Ct. at 1085 (citing *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)).

Petitioner has raised several bases on which he invokes equitable tolling, but he has failed to allege any facts or circumstances that would warrant its application in this case. First, Petitioner asserts that the statute of limitations should be tolled during the time that his first habeas petition was pending before the Eastern District and Sixth Circuit and during the time that his Rule 6.500 motion was pending before the Michigan State Courts. Tolling does not apply to the

period during which a federal habeas petition is pending. *Duncan*, 533 U.S. at 181-82. Furthermore, Petitioner's application would be time barred *even if* the statute of limitations period was tolled during the pendency of his first habeas petition. As outlined above, Petitioner's direct appeal was denied by the Michigan Supreme Court on August 30, 2002 and the one-year statute of limitations period began to run on November 29, 2002. Petitioner filed his first habeas petition on August 7, 2003, leaving 114 days remaining before the statute of limitations would expire. The Sixth Circuit denied Petitioner's first habeas petition on April 26, 2005. Assuming the statute of limitations resumed running at that time, it would have expired 118 days later, on August 17, 2005. Petitioner did not file his Rule 6.500 motion until August 26, 2005 and waited an additional two months after it was denied by the Michigan Supreme Court to file this habeas petition. Therefore, even accepting Petitioner's erroneous contention that tolling should apply during the pendency of his first habeas petition, Petitioner's application is time-barred.

   Petitioner's second assertion for equitable tolling is that prior to *In re Bowen* he did not know that he would be "entitled to raise his previously unexhausted federal claims in a numerically second habeas petition," or the "requirements to preserve timeliness of such a petition." (Pet. at 40.) The *Bowen* decision was not intended to allow prisoners to file multiple habeas petitions as each new claim is exhausted, but to allow a remedy for the confusion which may have resulted in from *Austin*, 200 F.3d 391. *Austin* in no way suggested that Petitioner should delay filing his Rule 6.500 motion. Indeed, Petitioner filed his Rule 6.500 motion months before *In re Bowen* was published by the Sixth Circuit. Therefore, he could not have relied upon it when choosing to file his Rule 6.500 motion. Petitioner knew he could have filed the Rule 6.500 motion at any point

in time, but chose to wait until almost three years after the Michigan Supreme Court confirmed his conviction.

Third, Petitioner asserts that the factual basis for the claims raised in the current habeas were not discovered until January 24, 2005, when Petitioner received a complete copy of his Wayne County Circuit Court file. Petitioner has offered no adequate explanation of why over five years elapsed from the date of his conviction to when he obtained a copy of the court's file. Accordingly, Petitioner is not entitled to equitable tolling of the statute of limitations.

The Supreme Court has directed the District Court to give fair notice and an adequate opportunity to be heard before dismissal of a petition on statute of limitations grounds. *See Day,* 547 U.S. at 510. This report and recommendation shall therefore serve as notice that the District Court may dismiss Petitioner's application for habeas corpus relief as time-barred. The opportunity to file objections to this report and recommendation constitutes Petitioner's opportunity to be heard by the District Judge.

### **Recommended Disposition**

For the foregoing reasons, I recommend that the habeas corpus petition be denied because it is barred by the one-year statute of limitations. I further recommend that a certificate of appealability be denied. *See Slack v. McDaniel*, 529 U.S. 473 (2000).

Dated:  October 4, 2007                                              /s/ Hugh W. Brenneman, Jr.
                                                                                    HUGH W. BRENNEMAN, JR.
                                                                                    United States Magistrate Judge

## **NOTICE TO PARTIES**

Any objections to this Report and Recommendation must be filed and served within ten days of service of this notice on you.  28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b).  All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b).  Failure to file timely objections may constitute a waiver of any further right of appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *see Thomas v. Arn*, 474 U.S. 140 (1985).