UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WESLEY D. SANDERS

        Petitioner,                                   Case No. 1:07-CV-924

v.                                                      Hon. Robert J. Jonker

THOMAS BELL, Warden

        Respondent.
_____/

## ORDER AND JUDGMENT
## APPROVING REPORT AND RECOMMENDATION

The Court has reviewed the Magistrate Judge's Report and Recommendation (docket # 4), and Petitioner's Objections (docket # 10-2). Under the Federal Rules of Civil Procedure, where, as here, a party has objected[1] to portions of a Report and Recommendation, "[t]he district judge . . . has a duty to reject the magistrate judge's recommendation unless, on de novo reconsideration, he or she finds it justified." 12 WRIGHT, MILLER, & MARCUS, FEDERAL PRACTICE AND PROCEDURE § 3070.2, at 381 (2d ed. 1997). Specifically, the Rules provide that:

> The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

FED R. CIV. P. 72(b)(3); *see also* 28 U.S.C. § 636(b)(1)(C) (Lexis through P.L. 110-180). De novo review in these circumstances requires at least a review of the evidence before the Magistrate Judge. *Hill v. Duriron Co.*, 656 F.2d 1208, 1215 (6th Cir. 1981).

---

[1] Petitioner's objections were filed more than 10 days following service of the Report and Recommendation. They are therefore untimely and the Court could choose to treat the objections as waived. Instead, the Court chooses in this case to evaluate the objections on the merits.

The Court has reviewed de novo the claims and evidence presented to Magistrate Judge Brenneman; the Report and Recommendation itself; and Petitioner's Objection. After its review, the Court finds Magistrate Judge Brenneman's Report and Recommendation to be both factually sound and legally correct.

The Report and Recommendation recommends that Petitioner's habeas corpus petition be denied because it is time barred. Plaintiff lodges three basic objections to the Report and Recommendation, but the objections are fundamentally a recapitulation of the arguments already presented to and rejected by the Magistrate Judge. There is no new argument presented. The Court finds on de novo review that the Magistrate Judge properly analyzed each of the Petitioner's arguments, and the Court rejects Petitioner's objections for the same reasons.

All parties—even Petitioner himself—recognize that the habeas petition in this case is time barred under the statutory provisions of 28 U.S.C. § 2244(d)(1). See Petitioner's objections (docket # 10-2, at 4). Indeed, Petitioner's state court conviction became final for federal habeas purposes on November 29, 2002. He filed his habeas petition in this Court—his second habeas petition in the federal system—on September 17, 2007, nearly five years later. Under even the most liberal possible application of the statutory tolling provisions of 28 U.S.C. § 2244(d)(2), the limitations period for a federal habeas petition had long since run.

The only real question is whether Petitioner established a basis for equitable tolling under *Dunlap v. United States*, 250 F.3d 1001 (6th Cir. 2001). Petitioner has the burden of establishing equitable tolling, and to meet it he must show not only that he has been diligently pursuing his rights, but also that some extraordinary circumstance stood in his way of doing so in a timely way. *See Lawrence v. Florida*, 127 S. Ct. 1079, 1085 (2007) ("To be entitled to equitable tolling, [a petitioner] must show '(1) that he has been pursuing his rights diligently, and (2) that some

2

extraordinary circumstance stood in his way' and prevented timely filing."). The Sixth Circuit has cautioned that equitable tolling is a doctrine that should be applied sparingly. *See, Dunlap*, 250 F.3d at 1008-09.

As the Report and Recommendation demonstrates, Petitioner has failed to meet his burden in this case. Petitioner's only articulated reason for delay in his second round of challenges to his state conviction is the claim that the Sixth Circuit's decision in *In re Bowen,* 436 F.3d 699 (2006), opened a new door for him. But this contention misreads *Bowen*. Nothing in *Bowen* purports to resurrect federal claims that are already time barred by statute. *Bowen* deals with the "second or successive" provisions of the AEDPA amendments, and discusses limitations issues only for context. Moreover, by the time of the Sixth Circuit decision in *Bowen*, Petitioner was already pursuing a second round of post-conviction challenges in the state courts. The problem for Petitioner is that he did not begin his second round of state law challenges until well after the federal limitations period had already expired, and he offers no persuasive reason for equitable tolling of the limitations period during this time. Indeed, even giving Petitioner the potential benefit of equitable tolling during the entire period of his first, unsuccessful federal habeas round, he would still be late, again with no convincing reason for the delay. See Report and Recommendation (docket # 4, at 6-7). Accordingly, equitable tolling cannot save Petitioner's claim here.

The only other attempt by Petitioner to justify delay is the suggestion that he was not able to discover the factual predicate for some of his new habeas petition until he received a full copy of his state court file, allegedly in January of 2005. The Magistrate Judge acknowledged this claim and invited Petitioner to develop it with an explanation for the apparent five year delay (from the original date of conviction in 1999) in obtaining some elements of the trial court file. Id., at 8.

3

Petitioner saw the invitation but refused to respond substantively, choosing instead to argue that a later evidentiary hearing or submission of affidavits would be necessary to address the issue. Petitioner's Objections (docket # 10-2, at 19-20.)  Petitioner has had ample time to submit affidavits, or at least a proffer of what he expects such material to contain.  But he has submitted nothing for the record.  We do not know what particular items from the state court he received in January of 2005; what the items revealed; or why he didn't receive them before 2005.  Accordingly, Petitioner has again failed to meet his burden of establishing a basis for equitable tolling.

### *Certificate of Appealability*

Before Petitioner may appeal the Court's dismissal of his petition, a certificate of appealability must issue.  28 U.S.C. § 2253(c)(1)(A) (Lexis through P.L. 110-180); FED. R. APP. P. 22(b)(1).  Thus the Court must either issue a certificate of appealability indicating which issues satisfy the required showing or provide reasons why such a certificate should not issue.  28 U.S.C. § 2253(c)(3); Fed. R. App. P. 22(b)(1); In re *Certificates of Appealability*, 106 F.3d 1306, 1307 (6th Cir. 1997).

A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  To make this showing, the petitioner must demonstrate that reasonable jurists could "debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'"  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 894 (1983)).

When a district court rejects a habeas petition on the merits, the required "substantial showing" is "straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  *Slack*, 529 U.S.

at 484. But when a district court denies a habeas claim on procedural grounds without addressing the claim's merits, the petitioner must demonstrate both that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484 (emphasis added). If the district court invokes a plain procedural bar to dispose of the case, "a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further. In such a circumstance, no appeal would be warranted." *Id*.

The Court is denying Petitioner's petition on the plain procedural ground of statute of limitations without addressing the claim's merits. The Court is invoking a plain procedural bar to dispose of the case, and Petitioner cannot make the required substantial showing because "a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Id*.

**ACCORDINGLY, IT IS ORDERED** that the Report and Recommendation of the Magistrate Judge (docket # 4) is **APPROVED AND ADOPTED** as the opinion of the Court.

**IT IS FURTHER ORDERED** that:

1. Petitioner's petition for a writ of habeas corpus is **DENIED** because it is barred by the one-year statute of limitations; and

2. A certificate of appealability is **DENIED**.


Dated:   August 28, 2008               /s/ Robert J. Jonker
                                       ROBERT J. JONKER
                                       UNITED STATES DISTRICT JUDGE